JOHN D. ROBERTSON, APPELLANT, VS. J. J. DUNNE, APPELLEE.

1. If the part of an answer excepted to is relevant, or can have any influence in the decision of the suit either as to the subject-matter of the controversy, the particular relief to be given, or as to the costs, it will not be held impertinent.

2. To a bill to cancel a tax certificate, the defendant answered denying "that the complainant is the owner of the land descbried in the bill of complaint, but whether or not the complainant obtained deeds of conveyance of the same as alleged in the bill the defendant is unable to say as he has not knowledge of the subject." The part so quoted is not subject to an exception for impertinence.

3. Assignments of error based upon exceptions to answer will not be based upon when the abstract fails to identify the portions of the answer to which such exceptions should be applied.

4. An amended answer to a bill to cancel a tax certificate should not be stricken as a mere repetition of the former answer when it contains as additional matter a general denial of all the allegations of the bill not specifically admitted and a claim for reimbursement of moneys paid out on account of taxes asserted to have been regularly and legally against the lands involved.

This case was decided by Division B.

Appeal from the Circuit Court for Polk county.

The facts in the case are stated in the **opinion of the** court.

*Anderson & Hocker,* for Appellant;

*L. G. Starbuck,* for Appellee.

COCKRELL, J.

This cause was referred by the court to its late commissioners for investigation, who reported that the decrees of the Circuit Court from which this appeal was taken ought to be reversed.

A bill was filed by the appellee against appellant and the clerk of the circuit court of Polk county, as to whom there was subsequetnly. a dismissal, wherein appellee alleged that he was the owner in fee simple of certain described lands that were wild, unoccupied and unimproved, set up his chain of title and sought to cancel a tax certificate in the hands of the appellant on the ground of irregularities in the assessment and other proceedings, and to enjoin the issuance of a tax deed by the clerk.

Appellant made answer, and to the answer the following exception was sustained: "This complainant excepts to the first paragraph of said answer, to-wit: 'That the defendant denies that the complainant is the owner of the land described in the bill of complaint, but whether or not the complainant obtained deeds of conveyance of the same as alleged in the bill, the defendant is unable to say, as he has not knowledge of the subject,' because the same is a conclusion of law and therefore impertinent." The other exceptions are so presented in the abstract before us as not to identify the paragraphs in the answer to which they shhould be applied, and are not passed

upon. There was error in sustaining the exception.

In the case of Bush v. Adams, 22 Fla. 177, this court stated the rule for determining when an answer may be excepted to for impertinence as follows: "If the part of an answer excepted to is relevant, or can have any influence in the decision of the suit either as to the subject-matter of the controversy, the particular relief to be given, or as to the costs, it will not be held impertinent." It is clear that, tested by this rule, the portion of the answer above quoted was not condemned by the exception urged. It sought to deny a material part of the complainant's case.

Upon the sustaining of these exceptions the defendant again answered, whereupon the complainant moved the court to strike said answer, on the ground that it was a mere repetition of the former answer to which an exception had been sustained, and for a decree *pro confesso* against the defendant. This motion was granted and a final decree was subsequently entered. The motion should have been denied.

There are material differences between the two answers. Among others we notice as new matter in the second answer a general denial of all the allegations of the bill not specifically admitted, and further a claim is set up for reimbursement of moneys paid out for and on account of taxes asserted to have been assessed regularly and legally against said lands. These matters should not be ignored in this summary way.

The decrees appealed from will be reversed for such further proceedings as are conformable to this opinion and to equity practice.