W. H. HOOKER, PLAINTIFF IN ERROR, v. C. W. FORRESTER AND J. W. BURTON, PARTNERS, DOING BUSINESS AS FORRESTER & BURTON, AND M. L. WILLIAMS, FOR THE USE AND BENEFIT OF ROBERT B. CAMPBELL, DEFENDANTS IN ERROR.

1. All debts and demands mutually existing between the parties at the commencement of the action are proper subjects of set-off, but independent demands, in no way connected with the transaction which forms the basis and constitutes the cause of action of plaintiffs and not mutually existing between the parties to the action at the time of the commencement thereof, can not be set off in the action, under the provisions of Section 1069 of

the Revised Statutes of 1892, Section 1461 of the General Statutes of 1906.

2. There is a difference in the functions performed by a motion to strike out and a demurrer and one can not be used interchangeably for the other. The distinction between them should be observed.

3. Where a demurrer is interposed to pleas, when a motion to strike out would have been the proper method of attack, but no such point is made either below or in the appellate court and the pleas in question are so faulty that the court would have been justified in striking them out of its own motion, the sustaining of the demurrer will be considered harmless error.

4. A demurrer to a plea goes to the whole of it and should be sustained or overruled as an entirety.

5. There must be a limit to pleading and, after several succcesssive sets of pleas have been held bad on demurrer and the defendant files still other pleas in which he reiterates and repeats substantially the same defenses that have already been adjudged bad, a judgment is properly entered by the court upon the demurrer thereto.

6. It is improper to reiterate and repeat defenses which have already been adjudged against the defendants, and a course of this kind should be checked by the circuit judge by refusing to receive such pleas or to allow them to be filed, and if they are filed without the leave of the court it is proper to strike them from the files.

7. Every presumption is in favor of the correctness of the judgment entered in the trial court, and where none of the evidence is incorporated in the bill of exceptions, we cannot consider an assignment predicated upon a charge given by the court of its own motion further than

> to determine whether or not error appears upon the
> face of such charge.

This case was decided by Division A.

Writ of Error to the Circuit Court for DeSoto County.

The facts in the case are stated in the opinion of the
Court.

*W. E. Leitner;* for Plaintiff in Error;

*H. S. Phillips,* for Defendants in Error.

SHACKLEFORD, C. J.: This is an action of assumpsit
upon a promissory note instituted by the defendants in
error against the plaintiff in error in the circuit court for
DeSoto county. The result thereof was a judgment for
the plaintiffs against the defendant for the sum of $692.30,
which defendant seeks to have reviewed here by writ of
error, returnable to the present term. The declaration
alleges in substance that on the first day of July, 1902,
defendant executed his promissory note to W. Whidden or
order for the sum of $1,000, payable with interest from
date two years after date, that, prior to the maturity
thereof, Whidden endorsed and transferred the note to
plaintiffs, Forrester & Burton and M. L. Williams, and
that also, prior to maturity, M. L. Williams assigned his
interest in the note to Robert B. Campbell; that no part
of the note had been paid, although the time for the pay-
ment thereof had elapsed. Plaintiffs claimed $2,500 dam-
ages, including a reasonable attorney's fee, for which the
note provided.

Defendant filed two pleas to the declaration, the first
to the effect "that long before the bringing of this suit
he fully paid and satisfied the one-half undivided interest

held herein by the said Robert Campbell," and the second to the effect that the plaintiffs, Forrester & Burton, were before and at the time of the institution of the action and still were indebted to defendant in the sum of $696, by reason of certain promissory notes, which are described and designated as Exhibits A, B & C, executed by different persons to M. L. Williams and J. W. Burton, or to certain persons who had transferred the same to Williams and Burton, all of which notes, prior to maturity, had been transferred by Williams and Burton to W. Whidden, who in turn had transferred the same to defendant, all of which notes defendant offered to set off against the claim of plaintiffs. In the second plea Burton is described as a member of the firm of Forrester & Burton, and it is averred that in the different transactions therein mentioned he was acting for and on behalf of such firm. One of such notes was averred to have been executed by M. L. Williams and Forrester & Burton to the order of Whidden, which Whidden had transferred to defendant, which note is designated as Exhibit D.

Plaintiffs interposed a demurrer to both pleas, which was sustained and defendant given time in which to plead over. On the 3rd day of April, 1905, defendant filed his amended pleas, to which plaintiffs also demurred, which demurrer was sustained and the defendant allowed thirty days in which to plead over. On the 23rd day of May, 1905, defendant filed his second set of amended pleas, to which plaintiffs interposed another demurrer, which was also sustained, and defendant allowed ten days in which to plead over. On the 17th day of October, 1905, defendant filed his third set of amended pleas, to which a demurrer interposed by plaintiffs was also sustained, and it was ordered that defendant be not allowed

to further plead "Exhibits A, B & C as matters of set off," these exhibits being three of the notes referred to in defendant's pleas. On the 5th day of March, 1906, defend-. ant filed another, designated as his fourth amended plea, which was also held bad on demurrer, and it was "ordered and adjudged that the plaintiffs do have judgment against the defendant for the note sued on and interest, and such damages in the way of attorney's fees as shall be awarded by the jury at the next term of court."

The sustaining of the several demurrers to defendant's pleas, except the sustaining of the demurrers to the first and second sets of amended pleas, which rulings are not assigned as errors, forms the basis of the first four assignments of error.

We see no useful purpose to be accomplished by setting out these different pleas, as they are all infected by practically the same vice, which was repeatedly pointed out by the court in the orders made on the demurrers, that is there is a lack of mutuality in the notes identified as "Exhibits A, B & C," which defendant sought by his pleas to set off against the claim of plaintiffs. Other defects also existed in some of the pleas, which the court pointed out. It is clear that the notes identified as "Exhibits A, B & C," were all non-negotiable instruments. The case of Birmingham Trust and Savings Co. v. Jackson County Mill Co., 41 Fla. 498, 27 South. Rep. 43, is directly in point, and we refer to the discussion therein and the authorities there cited. Moulie v. Hughes, 28 Fla. 617, 10 South. Rep. 94; Gonzales v. DeFuniak Havana Tobacco Co., 41 Fla. 471, 26 South. Rep. 1012, will also prove instructive.

It may be that the grounds of the respective demurrers, or at least some of such grounds, were not as clear and specific as they should have been, and it may well be that

some of such grounds were applicable to a motion to strike out or for a compulsory amendment, under Section 1043 of the Revised Statutes of 1892 rather than as grounds for demurring. See Parkhurst v. Stone, 36 Fla. 456, 18 South. Rep. 594; Little v. Bradley, 43 Fla. 402, 31 South. Rep. 342; concurring opinion in Atlantic Coast Line R. Co. v. Benedict Pineapple Co., 52 Fla. 165, 42 South. Rep. 530, and authorities cited therein. Be that as it may, no such point is made here, and we are clear that the pleas in question were faulty. These assignments must fail.

The fourth assignment is that "the court erred in entering judgment upon the demurrer to the fourth amended plea of the defendant." It is contended in support of this assignment that in making the order upon the demurrer to the second set of amended pleas that the same was sustained only in so far as it applied to the notes classified as Exhibits A, B & C, which left that portion of such pleas seeking to have the benefit of the defense as a set off of the note designated as Exhibit D still standing, therefore it was error to enter judgment. This position is untenable for the reason that a demurrer to a plea goes to the whole of it and must be either sustained or overruled as an entirety. See Muller v. Ocala Foundry and Machine Works, 49 Fla. 189, 38 South. Rep. 64; 6 Ency. of Pl. & Pr., 301 and authorities cited in notes 1 and 2. It is true that in the order sustaining the demurrer to the second set of amended pleas the court made use of the following language: "Demurrer sustained as to pleas of set-off covering the notes classified as Exhibits A, B & C, on the ground that they are not mutual claims or demands, and not the subject of set-off in this suit. Defendant allowed ten days in which to plead over." This expression was unfortunate and, technically speaking, was not correct, as we have

already seen, but the intention of the court was doubtless to apprise defendant that if he wished to obtain the benefit of the note designated as Exhibit D as a set-off he would have to properly plead it. Notwithstanding the plain intimations of the court, in his third and fourth sets of amended pleas defendant still tried to plead all the notes designated as Exhibits A, B, C & D as proper subjects of set-off. The court properly ordered judgment entered against defendant on sustaining the demurrer to his last pleas, but no judgment was actually entered then for the reason that the note in question provided for a reasonable attorney's fee, the amount of which would have to be determined by a jury. See Parker v. Dekle, 46 Fla. 452, 35 South. Rep. 4. As a matter of fact, we find that plaintiffs treated that portion of the second set of amended pleas which sought to set up the note characterized as Exhibit D as a set-off as still remaining undisposed of and filed a replication thereto in which they admitted having received on the note on which action was brought the sum of $500 and interest thereon to the date of payment thereof and also that they executed the note marked Exhibit D, which they were willing to have allowed as a set-off. At the trial defendant got the full benefit of the admissions contained in the replication and judgment was entered for only $692.30, therefore, even if there was technical error in the order of the court and also irregularity in the filing of the replication by plaintiffs, defendant suffered no injury therefrom and cannot be permitted to predicate error thereon.

After the court had sustained the demurrer to the last set of amended pleas and ordered judgment entered against defendant still another plea was filed by defendant, without leave from the court, which, on motion of

plaintiffs, the court ordered stricken from the files and refused to permit it to be filed. The fifth and sixth assignments are based upon these rulings. These assignments are without merit, as the court had been over-indulgent to defendant and had given him ample opportunity to interpose any defense which he might have to the action. An inspection of the plea discloses that it was but another attempt to set up as a defense the same matters which the court had already repeatedly ruled upon against defendant. See Dorman v. Jacksonville and Alligator Plank Road Co., 7 Fla. 265; Garlington v. Priest, 13 Fla. 559; Solary v. Webster, 35 Fla. 363, text 376, 17 South. Rep. 646, 649.

The seventh assignment is based on the giving of the following charge to the jury by the court of its own motion: "In the note admitted by the plaintiffs herein as an off-set, even though it provided for an attorney's fee, the defendant can't be allowed to prove an off-set for an attorney's fee, and you will find an attorney's fee for the plaintiffs for the sum of $150.00."

The only contention made here in support of this assignment is that the charge was erroneous because it refused to allow defendant to prove and have the benefit of the attorney's fee provided for in the note designated as Exhibit D. It is sufficient to say none of the evidence is incorporated in the bill of exceptions, and neither does such bill purport to contain all the charges given at the trial, as is provided by Special Rule 3, adopted March 2, 1905, found on page 22 of Rules prefixed to 51 Fla. In the absence of the evidence and of all the charges given, we cannot consider this assignment further than to determine that no error appears on the face of the charge. Every presumption is in favor of the correctness of the

judgment. See Clements v. State, 51 Fla. 6, 40 South. Rep. 432; Colson v. State, 51 Fla. 19, 40 South. Rep. 183.

We have considered all the assignments which have been urged before us. Finding no reversible error, the judgment must be affirmed, and it is so ordered.

COCKRELL and WHITFIELD, JJ., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.