WALTER RAY, *Appellant,* v. J. R. WILLIAMS, WILLIAM
  N. CAMP AND J. R. WILLIAMS AND WILLIAM N.
  CAMP AS CO-PARTNERS UNDER THE STYLE OF WIL-
  LIAMS PHOSPHATE COMPANY, FRED T. CURRY,
  JOHN TRICE, AS RECEIVER OF THE ST. PETERSBURG
  STATE BANK, JOHN TRICE AND THE CAMP PHOS-
  PHATE COMPANY, *Appellees.*

| 55 | 723 |
| 57 | 216 |
| f57 | 218 |
| 57 | 219 |
| f57 | 222 |
| f57 | 224 |
| 55 | 723 |
| s59 | 599 |

1. There is inherent in courts of justice implied power to pre-
vent abuse of the court procedure.  To this end a pleading may
be stricken if it is wholly irrelevant to the cause, or if it violates
a rule or order of the court, or if it be a palpable attempt to im-
pose upon or trifle with the court, as by merely repeating or
reiterating to no better effect the same matter already pre-
sented and adjudged with no additions of new matter.

2. Striking a pleading is a severe remedy and should be resorted
to only in cases palpably requiring it for the proper adminis-
tration of justice.

3. A pleading in proper form duly authenticated and filed should
not be stricken for insufficiency.  Its sufficiency as a pleading
should be tested by demurrer or other proper proceedings.

4. The remedies by motion to strike and by demurrer should not
be indiscriminately applied as they are governed by essentially
different rules of procedure.  A demurrer goes to the pleading
as an entirety for insufficiency; while a motion to strike is
applicable where the pleading as an entirety or any part of it
is wholly irrelevant or for any reason improper.

5. Where demurrers have been sustained to a bill of complaint
and to the bill as amended with leave to further amend, and an
amended bill is duly filed containing more full and certain al-
legations to supply the defects found on the demurrers, a
motion to strike the amended bill should not be granted where
no rule or order of the court is violated, and no attempt to
trifle with the court procedure appears.

This case was decided by the court *En Banc.*

Appeal from the Circuit Court for Citrus County.

The facts in the case are stated in the opinion of the court.

*H. L. Anderson* and *H. M. Hampton,* for appellant;

*E. R. Gunby* and *M. G. Gibbons,* for appellees.

WHITFIELD, J.—Walter Ray brought a bill in equity in the circuit court for Citrus county in the fifth judicial circuit to cancel as a cloud upon his title certain deeds and contracts of conveyance of lands made pursuant to mortgage foreclosure proceedings. The deeds and contracts of conveyance are alleged to be void because the foreclosure proceedings were had in Pasco county in the sixth judicial circuit when none of the lands lie in that county and because no *lis pendens* was filed in counties where the lands are situated. Demurrers to the bill of complaint and to an amendment thereto were sustained with leave to amend. An amended bill of complaint in due form filed within the time allowed was stricken on the ground that it was but a reiteration of the original bill and the amendment thereto and contains no new matter for relief. The complainant appealed from the order striking the amended bill and assigns such order as error.

There is inherent in courts of justice implied power to prevent abuse of the court procedure. To this end a pleading may be stricken if it is wholly irrelevant to the cause, or if it violates a rule or order of the court, or if it is a palpable attempt to impose upon or to trifle with the court, as by merely repeating or reiterating to no better effect the same matter already presented and adjudged, with no additions of new matter. Striking a pleading is a severe remedy and should be resorted to only in cases palpably requiring it for the proper administration of justice. See Jackson Sharp Co. v. Hol-

land, 14 Fla. 384, text 389; Dorman v. J. & A. Plank Road Co. 7 Fla. 265, text 283; Wefel v. Stillman (Ala.),44 South. Rep. 203, text 208.

A pleading in proper form duly authenticated and filed should not be stricken for insufficiency. Its sufficiency as a pleading should be tested by demurrer or other proper proceeding. The summary disposition of pleadings by motion to strike is the exercise of a necessary but delicate power and should be cautiously applied. The remedies by motion to strike and by demurrer should not be indiscriminately applied as they are governed by essentially different rules of procedure. A demurrer goes to the pleading as an entirety for insufficiency; while a motion to strike is applicable where the pleading as a whole or any part of it is wholly irrelevant or is for any reason improper. See Craft v. Smith, 45 Fla. 222, 33 South. Rep. 996; State *ex rel.* W. H. Ellis, Attorney General, v. Atlantic Coast Line R. Co., 53 Fla. 711, 44 South. Rep. 230; State *ex rel.* Law v. Saxon, 25 Fla. 342, text 345, 5 South. Rep. 801; Russ v. Mitchell, 11 Fla. 80, text 91.

Demurrers were sustained to the original bill of complaint and to the bill of complaint as amended with leave to amend, and an amended bill of complaint in the usual form duly sworn to and signed by counsel was filed within the time allowed by the order of court. The amended bill was on motion stricken by the court because "no new matter is set up, but the same is a mere elaboration of the matters heretofore passed on upon demurrer to the original bill, and there has been no amended bill filed in accordance with the order of the court setting up any new matters." If the amended bill of complaint is palpably a mere repetition or reiteration of the former pleadings and contains no new matter of substance, or no more full or definite statement of matters embraced in the original bill of complaint and the amendment

thereto, and such amended bill of complaint is in fact and legal effect merely a refiling of the pleadings to which demurrers had been sustained, the court will not be held in error for striking the amended bill on the ground that it is a mere reiteration of the original bill and the amendment thereto and contains no new matter. See Robinson v. Erickson, 25 Iowa 85; Epley v. Ely, 68 Iowa 70, 25 N. W. Rep. 934; 20 Ency. Pl. & Pr. 46; Holland v. Webster, 43 Fla. 85, text 99, 29 South. Rep. 625, text 629; Noyes v. Loughead, 9 Wash. 325, 37 Pac. Rep. 452.

One of the allegations of the original bill of complaint is that the court of the sixth judicial circuit never acquired jurisdiction of the foreclosure proceedings because the mortgagor "never in fact acquired or owned any lands or property lying or being within the territorial limits of the said sixth judicial circuit of Florida." The amendment to the original bill of complaint alleges that the lands "lie wholly within the jurisdiction of the fifth circuit of the state of Florida, and that no part of the same lie within the sixth circuit court." The amended bill of complaint alleges that the mortgage foreclosure proceedings complained of were had in Pasco county within the sixth judicial circuit and that "all the property described in said mortgage deed, were at that time and now wholly within the fifth judicial circuit of the state of Florida."

By section 2503 of the General Statutes it is provided that "when a mortgage includes lands * * * lying in two or more counties, it may be foreclosed in any one of said counties."

While it is true that the amended bill of complaint which was stricken does not directly allege that none of the lands included in the mortgage lie in Pasco county where the mortgage was foreclosed, the allegations that Pasco county is within the sixth judicial circuit and

that all the property described in the mortgage are wholly within the fifth judicial circuit of Florida may upon due consideration upon demurrer or other proper proceeding be held sufficient allegations of the jurisdictional fact. At least it cannot be said that the allegations on this point contained in the amended bill of complaint are not more full and certain than those embraced in the original bill and the amendment thereto. See Howell v. Commercial Bank, 51 Fla. 460, text 461, 40 South. Rep. 76; Moore v. Clem, 45 Fla. 476, text 481, 34 South. Rep. 305; Roberson v. Dunne, 45 Fla. 553, 33 South. Rep. 530.

The amended bill of complaint contains allegations of one or more new matters that may prove material and also contains to some extent at least a more definite, certain and full statement of matters embraced in the former pleadings. There is nothing in the amended bill to indicate an attempt to trifle with the court or to abuse its procedure. In view of the differences in substance and in statement between the amended bill and the previous pleadings it cannot be said without argument or consideration that the amended bill of complaint is palpably a mere repetition or reiteration in slightly varying language of the allegations of the former pleadings to which demurrers had been sustained, and it does not appear to be a case calling for the application of the summary remedy by motion to strike. It must be assumed that the complainant endeavored in good faith to amend his pleadings as allowed by the court and to state his case as best he could. If he has done this he is entitled to have the sufficiency of his allegations tested in the usual and proper manner upon argument and consideration. In the absence of any showing of a disposition or attempt or intention to violate the order of the court allowing an amendment or to abuse

the court procedure the complainant's pleading should be considered on its merits.

The entry of appeal and assignments of error were confined to the order striking the amended bill of complaint. That order is reversed and the cause is remanded for further proceedings.

TAYLOR, COCKRELL and PARKHILL, JJ., concur;

SHACKLEFORD, C. J., and HOCKER, J., disqualified.