TOWN OF LAKE HAMILTON, in the County of Polk and State of Florida, a municipal corporation; and P. D. SHUPE, as Tax Collector and Tax Assessor of said Town; and MINNIE M. SHARER, a widow, v. KERNEL HUGHES, et al.

32 So. (2nd) 283            June Term, 1947

July 18, 1947         ,          Division B

On Rehearing October 17, 1947

*Dewell & Dewell,* for appellants.

*H. C. Crittenden,* for appellees.

BARNS, J.:

The appellees-plaintiffs brought suit to enjoin the enforcement of past, current and future municipal taxes by Lake Hamilton. Upon final hearing on Bill, answer and stipulation the Chancellor entered a final decree enjoining the enforcement of such taxes.

Lake Hamilton appeals and assigns as error that the court erred in striking parts of the answer of the appellants-defendants.

In equity matter relevant and material to the equities may be stated in an answer and it is error to strike such matter even though it would affect the equities only to the extent of

the assessment of costs. The test is not whether the answer states a defense but whether the matter is relevant or material.

"If the matter contained in an answer in an equity cause is relevant, or can have any influence in the decision of the subject matter of the controversy, it is not impertinent." Trustees of Internal Improvement Fund v. Root, 58 So. 371, 63 Fla. 666; Jones v. Hiller, 62 So. 583, 65 Fla. 552; Cummer Co. v. Yager, 79 So. 272, 75 Fla. 729; Boca Grande Inv. Co. v. Blanding, 81 So. 886, 77 Fla. 536.

"Where the part of an answer excepted to is relevant, or can have any influence in the decision of the suit, either as to the subject matter of the controversy, the particular relief, or as to the costs, it is not impertinent." Robertson v. Dunne, 33 So. 530, 45 Fla. 553.

"Answer is not 'impertinent' which is relevant or can influence the decision of the suit either as to the subject matter, the particular relief, or as to costs." Holzendorf v. Terrell, 42 So. 584, 52 Fla. 525.

Motions to strike are authorized by our statute to-wit:

" . . . the court may, upon motion to strike or upon its own initiative, strike out any redundant, impertinent, irrelevant or scandalous and impertinent matter which is prejudicial to the opposing party, upon such terms as the court shall think fit." Sec. 63.23 F.S.A.

When the matters stricken are examined and the generality of the manner of their statement considered together with the paucity of relevant argument in the brief address to this assignment, we must conclude it was harmless even if erroneous.

Another assignment of error is that the court erred in Final Decree in enjoining the enforcement of all municipal taxes against plaintiffs' property.

It appears that before 1925 Lake Hamilton was a self-incorporated town of one square mile in area. In 1925 it was incorporated by Chaper 10781 and its boundaries extended to include four square miles consisting of one half (½) square

mile of built up area. Its population in 1930 was 399 and in 1940 was 344. In 1925 it made an issue of bonds for water works which is still outstanding.

Plaintiffs-appellees by their bill claim that the relationship of their land to the municipality is such as not to make available to them directly or indirectly any general or special municipal benefits or advantages; that they had in fact received no municipal, general or special benefits or advantages, except from the water works; and that their land is utilized for agricultural and horticultural purposes.

The Chancellor's finding supported the claim of the plaintiffs.

The premises being considered it is our conclusion that it does not appear that the decree was in error as to taxes to be levied for general administrative purposes; as to taxes for debt service or the water works bond issue it is not shown that any taxes have been levied but the injunction as issued would prevent such levy in the event of the necessity therefor and in this regard the Chancellor has erred and plaintiffs' property is subject to be taxed for such purposes.

The cause will be reversed with directions to enter a decree accordingly as to taxes hereafter to be levied, with directions that the court retain jurisdiction of said cause to make such modifications as may appear meet and proper in event of a change of circumstances upon a hearing after notice.

TERRELL and BUFORD, JJ., and PARKS, Associate Justice, concur.

THOMAS, C. J., CHAPMAN and ADAMS, JJ., dissent.

THOMAS, C. J. and ADAMS, J., dissenting:

We are unable to agree with the decision of the above case because, in the first place, appellants pose only the question whether laches and acquiescence would estop the land owners from attacking taxation on the ground of lack of benefits; and, in the second place, we have the conviction that the plan of regulating taxes in proportion to the amount of benefits received from time to time is inpracticable and would result only in confusion.

ON PETITION FOR REHEARING

BARNS, J.:

Upon petition for rehearing and motion for clarification, it is ordered that the last paragraph of the Court's opinion filed July 18, 1947, be amended so as to read as follows:

"The cause will be reversed with directions to enter a decree accordingly as to taxes hereafter to be levied, with directions that *relative to taxes other than for such debt purposes,* the court retain jurisdiction of said cause to make such modifications as may appear meet and proper in event of a change of circumstances upon a hearing after notice."—and that said petitions and motions for rehearing and clarification be and the same are hereby otherwise denied.

TERRELL, and BUFORD, JJ., and PARKS, Associate Justice, concur.

THOMAS, C. J., CHAPMAN and ADAMS, JJ., dissent.