**TOWN OF LAKE HAMILTON, in the County of Polk and State of Florida, a municipal corporation; and P. D. SHUPE, as Tax Collector and Tax Assessor of said Town; and Minnie M. Sharer, a widow, v. KERNEL HUGHES, et al.**

36 So. (2nd) 260
June 29, 1948
Rehearing denied July 23, 1948

June Term, 1948
Division B

*Dewell & Dewell,* for appellants.

*H. C. Crittenden,* for appellees.

BARNS, J.:

Upon the remand of this case upon a former appeal the Chancellor entered the decree now appealed. Appellants submit that this latter decree was rendered without notice to them. The decree is silent in this respect.

Although notice is not always necessary, it may well be stated that in contested adversary proceedings no decree ought to be entered against a party who ought to have notice. Notice should be given in order that there be fair play; that the Chancellor be protected against error; and in order to avoid appeals and reviews.

About three hundred years ago it was provided in Bacon's Ordinances that:

"Where causes come to a hearing in court, no decree bindeth any person who was not served with process *ad audiendum judicium,* according to the course of the court, or did appear gratis in person in court."—Fletcher's "Equity Pleading and Practice," p. 1047.

And, when Adam was about to be banished from the Garden of Eden, he was doubtless given an opportunity to be heard, for it was said unto him: "Where art thou, Adam?"

Whether notice is required, or should be given, the kind of notice and the time element of notice are dependent upon the circumstances of each case.

Those drafting the "1931 Chancery Act" refrained from specifying the length of notice to be given for any hearing. The terms of the Act were "after notice," "upon notice," "after due notice," "after reasonable notice." The length of time of notice was left to continue according to the local practice subject to the exercise of the wisdom of the Chancellor, to be determined in the first instance by local practice, and any other circumstances.

The former appeal of this case, Town of Lake Hamilton et al. v. Hughes, et al., 159 Fla. 600, 32 So. (2nd) 283, was

from a final decree wherein the Chancellor had (1) decreed all former tax levies and assessments against the lands of the plaintiffs by the defendant city to be cancelled and (2) the Town and its officials were permanently enjoined from collecting any prior levies or assessments of taxes, and (3) permanently enjoined the Town and its officials from thereafter levying or assessing any taxes.

Upon appeal of this decree, this Court, among other holdings, held that:

"It is our conclusion that it does not appear that the decree was in error as to taxes to be levied for general administrative purposes; as to taxes for debt service on the water works bond issue it is not shown that any taxes have been levied but the injunction as issued would prevent such levy in the event of the necessity therefor and in this regard the Chancellor has erred and plaintiffs' property is subject to be taxed for such purposes.

"The cause will be reversed with directions to enter a decree accordingly as to taxes hereafter to be levied, with directions that relative to taxes other than for such debt purposes, the court retain jurisdiction of said cause to make modifications as may appear meet and proper in event of a change of circumstances upon a hearing after notice."

The tenor of the holding was that the land in question should be subject to taxation for bonded debt purposes but that such lands should not be subject to taxation for operation or administrative purposes. The only bonded debt shown by the record was one for water works purposes.

The appellant argues as error that portion of the final decree as amended on November 7, 1947, as follows:

"2. That the equities in said cause are with the plaintiffs and each of them and against the defendants, and each of them, as to all unpaid municipal taxes levied and assessed by said Town against the lands of Plaintiffs for the years 1946 and prior thereto.

"3. That all unpaid municipal tax levies made and assessed by said Town of Lake Hamilton, Florida, against the lands of the plaintiffs, described in the amended bill, as

amended, during the year 1946 and prior years, and each parcel thereof, be, and the same are hereby, vacated, annulled, cancelled and set aside;

"4. That the Town of Lake Hamilton, Polk County, Florida, a municipal corporation, and P. D. Shupe, as Tax Collector of said Town, and his successors in office be, and they are hereby, permanently enjoined from collecting or attempting to collect unpaid municipal taxes levied and assessed during the year 1946 and prior years by said Town against the lands, and each parcel thereof, described in the amended bill of complaint, as amended."

It is ordered that the Chancellor enter a decree striking from the final decree of November 5, 1946, as amended on the 7th day of November, 1947, Paragraphs above quoted, numbered "2," "3," and "4."

It also appears that in view of the provisions of Paragraph "5" of the final decree that Paragraph "6" should be stricken. It is so ordered.

Reversed.

THOMAS, C. J., ADAMS and HOBSON, JJ., concur.