H. A. MOORE, APPELLANT, VS. MARY A. CLEM, AMANDA C. ROHR, MARY J. SEWELL AND O. MINTA BROWN, APPELLEES.

1. Under Rule 48 of the Rules of the Circuit Court in suits in equity, it is proper to strike a plea which is sworn to by the attorney of the defendant, it not appearing that the defendant himself is absent from the State.

2. An exception to an entire answer for insufficiency is not permissible, and should not be sustained, when the answer denies a material allegation of the bill.

3. Exceptions to answers in chancery should be framed in accordance with the established rules of equity practice, in the absence of any statute or rule of court changing such established rules.

This case was decided by Division A.

Appeal from the Circuit Court for Orange County.

L. C. Starbuck, for Appellant;

Massey & Baumgarten, for Appellees.

## STATEMENT.

This case is before us on abstracts. On October 25th, 1898, the appellees filed their bill of complaint in the Circuit court of Orange county, Florida, against appellant, alleging that they are the sole heirs at law of David R. Clem, who died intestate at Harrisonburg, Va., and that at the time of his death he was the owner in fee and entitled to the possession of certain lands in Orange county, Florida, (describing them), and that he was in possession

of such as were not wild and uncultivated, and that he had held title and possession for more than seven years, and that he was not indebted to any person within the State of Florida; that respondent (appellant) is a resident of the State of New Hampshire and that he holds certain tax deeds to said lands based on the tax sales of 1896, which were all invalid for one or more of the following reasons; among them, 1st, that the deed is not in the form prescribed by law; 2nd, that the land is assessed to R. C. Clem, who was not the owner or occupant thereof; 3rd, that no notice of the intended making of such deeds was given either by mailing or posting. There are five other grounds set up in the bill for avoiding the tax deeds and exhibits attached to the bill.

On January 2nd, 1899, the respondent, (appellant) filed a plea in bar denying that D. R. Clem died seized in law, or in actual possession, of the lands in dispute. This plea was certified as being well founded in point of law by A. F. Odlin, and an affidavit attached thereto made by him at San Juan, Porto Rico; that he is of counsel for defendant, has read the plea, and that its contents are true as therein set forth, and that it is filed in good faith and not for delay.

On February 2nd, 1899, complainants moved to strike the plea on several grounds, among them, that it was not sworn to by respondent, and because it was made by the soolicitor without authority of law. On March 4th, 1899, this motion was granted.

On April 7th, 1899, respondent filed his answer with the usual saving clause, and denied any knowledge as to whether or not D. R. Clem was dead, and complainants were his heirs, and demanded strict proof. It further denied that D. R. Clem died seized of the lands in dis-

pute, but avers and offers to prove that said land before his death was sold under judgment and execution against him, and was never restored to him, though he brought suit to set aside the judgment and sale, which suit was decided against him. There were other allegations which it is not necessary to notice. The answer is sworn to by H. A. Moore, respondent (appellant).

On May 1st, 1899, complainants excepted to this answer for insufficiency on several grounds, in substance, 1st, for that although it is true, as alleged in the answer, that the land was sold under judgment and execution against D. R. Clem, yet fails to show the fact that he had appealed to the Supreme Court and had given bond, and that the appeal was pending; 2nd, for that the bill shows part of the land is wild; and respondent fails to show what part is cultivated, improved or in his actual possession, or the nature of the possession; 3rd, for that it is immaterial whether the estate of D. R. Clem is indebted to any person in Florida; 4th, for that it is alleged in the bill that the complainants are in possession of such of the lands as are not wild, etc., 5th, for that the matters set up in the answer have already been set up by the respondent in a plea in bar which was stricken by the court, and respondent has failed to answer the allegations that the tax deeds are void.

On June 22nd the court sustained these exceptions.

On July 14th, 1899, the defendant filed an amended answer denying that D. R. Clem died seized in fact or in law of the lands or any of them; denied that complainants have any interest or possession in or to the lands, or any of them, and allege that one Carrie B. Lindsey is in actual possession of part of the lands (describing them), and

neither admits nor denies the allegations of the bill that the tax deeds are void, but demands strict proof.

On August 7th, 1899, complainant moved to strike the amended answer, because; 1st, it is a repetition of the original answer; 2nd, Carrie B. Lindsey is not alleged to have been in possession of the lands at the time of filing the bill; 3rd, Carrie B. Lindsey is not a party to the cause, is not shown to be in possession for defendant, nor that her possession is adverse to the complainant; 4th, said amended answer is irrelevant and impertinent at this stage of the proceedings, and other causes apparent of record.

On October 20th, 1899, the court granted this motion, and on the 21st of October, 1899, appointed a special examiner without notice to the respondent.

On November 6th, 1899, complainant filed a praecipe for a decree *pro confesso,* which was then and there entered.

On November 16th, 1899, the special examiner reported that he had carefully examined and compared the allegations of the bill of complaint with the minutes of the county commissioners, the assessor's books, report of tax sales, and deed records, and finds all the allegations to be true and correct.

On November 21, 1899, the court, without notice to respondent, signed a final decree finding the equities for the complainants, grants the prayer of the bill, and declares the tax deeds to be clouds on the title of complainants to the lands (describing them), and directs the clerk to cancel them, enjoins the respondent from claiming title, and orders him to pay the costs. An appeal was taken from this decree to this court.

Appellant assigns the following errors: 1st, the court

erred in granting the motion to strike the plea of defendant; 2nd, the court erred in sustaining the exceptions to the answer of defendant; 3rd, the court erred in granting the motion to strike the amended answer of defendant; 4th, the court erred in granting the decree *pro confesso* herein; 5th, the court erred in appointing a special xeaminer herein without notice to the defendant; 6th, the court erred in entering a final decree herein.

HOCKER, *J...* (*after stating the facts.*)

It does not appear that the plea was properly verified, inasmuch as it was not supported by the affidavit of the defendant, and there was no allegation therein that he was absent from the State, so as to authorize the oath to be made by his attorney. Rule 48 of Rules of Circuit Court in Suits in Equity.

The first assignment of error is not sustained.

A defendant, under rule 57 of the Rules of the Circuit Court in suits in equity, is "entitled in all cases by answer to insist upon all matters of defense (not being matters of abatement or to the character of the parties, or matters of form) in bar of, or to the merits of the bill, of which he may be entitled to avail himself by a plea in bar, and in such answer he shall not be compellable to answer any other matters than he would be compellable to answer and discover upon filing a plea in bar and an answer in support of such plea, touching the matters set forth in the bill to avoid or repel the bar or defense."

In the case at bar the answer denied that D. R. Clem, under whom the complainants claim the lands, died seized of the land in dispute, and averres and offers to prove that the land, before his death, was sold under a judgment and executed against him, and was never restored to him,

though he brought suit to set aside the judgment and sale, which suit was decided against him. If these facts were true it was a complete bar to the suit of complainints; for if the title and interests of their ancestor had been divested by a sale under a judgment, they were not the owners of the legal title to the property, and had no right to sue the defendant, however defective may have been his tax titles. The so-called exceptions were for insufficiency. Exceptions for insufficiency do not lie to an answer setting up a defense in bar of the suit, but only where the answer does not sufficiently respond to the allegations, charges and interrogatories of the bill. Bush v. Adams, 22 Fla. 177. Robertson v. Dunne, 45 Fla. 33, South. Rep. 530; 1 Barb. Ch. Pr. (3rd ed.) 176; 1 Ency. Pl. & Pr. 898. The law of exceptions to answers, for insufficiency, or for impertinence or scandal, is very clearly stated in 1 Barb. Ch. Pr. 176, *supra,* and the forms for framing such exceptions are also given in 3 Barb. Chan. Pr. pp. 422-428; 1 Bates on Fed. Eq. Pro. Secs. 352 *et seq.;* 1 Beach Mod. Eq. Pr. Secs. 406 to 420 inclusive; 1 Daniell Ch. Pr. (6th ed.) 349, 752; 3 Daniell Ch. Pr. (6th ed.) 2124.

The amended answer was, on motion, stricken by the court. It stated the defense of the defendant with a little more fullness possibly than the original answer, and should not have been stricken. We think the second and third assignments of error are well taken, and it necessarily follows that the remaining assignments are also well taken.

It is, therefore, ordered, adjudged and decreed that the final decree appealed from be and same is hereby reversed at the cost of appellees, and that the cause be remanded for further proceedings in accordance with law. The solicitors of the appellees in this court did not represent them in the court below.