MARIA W. BOSWORTH, *Appellant,* v. MARY L. SANDLIN, *Appellee.*

1. It is error to strike an answer to a bill for foreclosure of mortgage, and to enter decree *pro confesso* against defendant as having no meritorious defense to the bill, where the answer alleges that the defendant was in no way indebted to the complainant, that she was an infirm old woman and was compelled by blows and threats against her life to execute the mortgage upon which the suit is founded.

2. A cross-bill which is stricken because no process issued thereon against the original complainant until after the entry of a decree *pro confesso* upon the original bill may upon the setting aside of the decree *pro confesso* be reinstated and amended.

This case was decided by Division B.

Appeal from Circuit Court for DeSoto county.

The facts in the case are stated in the opinion of the court.

*Isaac H. Trabue* for appellant.

No appearance for appellee.

MAXWELL, J.—The appellee, a free dealer, filed a bill to foreclosure a mortgage upon real estate given by the appellant, to which the appellant interposed a second amended answer. Exceptions were filed to the greater portion of this answer as being insufficient, impertinent and scandalous. The court sustained these exceptions, and being satisfied from the original and several amended answers filed that the defendant had no meritorious defense, ordered that the said amended answer be striken and the bill be taken as confessed. Final decree of foreclosure was thereafter entered against the appellant.

The answer is inartificially drawn, and it has been with much difficulty that. we have reached any satisfactory conclusion as to its merits. The substance of the first matter of defense alleged in the answer is that the defendant was an infirm old woman, living in the woods .with one Mrs. Chance a mile from the nearest neighbor; that Mrs. Chance was a woman of violent temper, and much under the influence of complainant's husband, to whom she was indebted; that at his instance, to secure said debt, she compelled the defendant to execute the note and mortgage sued on by beating her and threatening her life; that defendant

was in no way indebted to complainant and signed the papers under duress and only because of this violence and these threats.

This answer sufficiently presented the defense indicated to be entitled to some consideration, and while the exceptions to it might have been made the instrument for much judicious pruning, it was error to strike the answer and enter a decree *pro confesso* against the respondent.

The answer also contained allegations as to a claim of set-off against the complainant's suit, and at the time of filing the original answer defendant filed a cross-bill based upon the same subject-matter and seeking discovery. This was afterwards amended, but as amended it contained a prayer for the recovery of the amount claimed, with no suggestion of set-off unless that may be inferred from a prayer that it be held to be a bar to complainant's bill and that the bill be dismissed. There was no connection between the subject-matter of the original bill and the cross-bill unless by way of set-off, and if this was intended it should have been made more clear.

No process was issued upon the cross-bill until after a decree *pro confesso* had been entered upon the original bill against the cross-complainant. The complainant then moved to strike the cross-bill for this and other reasons and the motion was granted. As the decree *pro confesso* is to be set aside, the respondent may now be permitted to file such amended cross-bill as she may be advised.

The decree of the court below is reversed, with directions that the decree *pro confesso* be vacated, and that the respondent have leave to file such amended answer and cross-bill as she may be advised, and that the appellee pay the costs of this appeal.