SARAH M. HOLZENDORF, JOINED BY HER HUSBAND, R. L. HOLZENDORF, APPELLANT, v. LUGENIA TERRELL, JOINED BY HER HUSBAND, FRANK L. TERRELL, APPELLEE.

1. An answer is not "impertinent" which is relevant or which can influence the decision of the suit, either as to the subject-matter of the controversy, the particular relief to be given, or as to costs.

2. An exception to an answer should be overruled if it be too broad or if the sustaining of it would falsify or mutilate the remainder of the answer.

3. To justify an exception for impertinence it must clearly appear that the matter excepted to is wholly irrelevant.

4. Where a bill alleges unnecessary facts tending to reflect upon defendant's integrity, an answer responsive to such allegations is not impertinent.

This case was decided by Division A.

Appeal from the Circuit Court for DeSoto County.

The facts in the case are stated in the opinion of the court.

*Forrester* & *Burton,* for Appellant;

*Treadwell* & *Treadwell,* for Appellee.

COCKRELL, J.: The appellee, as complainant filed her bill against the appellant, as defendant, for an accounting and assignment of dower in a certain orange grove given in exchange for town property in Arcadia, DeSoto county, upon the theory that the complainant, who was at the time of the exchange the wife of one Harvey Locklear, since deceased, had not voluntarily surrendered her dower interest in the said grove. The bill is based not only upon an alleged defect in the verbiage of the acknowledgment, but also and with great particularity of detail upon facts and circumstances *dehors* the acknowledgment and leading up to the execution of the deed of conveyance, tending to show an overreaching of her then husband, who was old and enfeebled in health and mind, and a coercion upon herself, it being made known to the defendant that she was greatly opposed to the exchange.

The defendant answered the bill, the oath thereto being waived, and upon the sustaining of certain exceptions thereto for "impertinence," appealed to this court.

The rule for determining whether an answer is impertinent is well recognized and has been stated in repeated adjudications of this court to be that the part excepted to will not be held impertinent, if it be relevant or can have any influence in the decision of the suit either as to the subject-matter of the controversy, the particular relief to be given, or as to the costs. Bush v. Adams, 22 Fla. 177; Moore v. Clem, 45 Fla. 476, 34 South. Rep. 305; Robertson v. Dunne, 45 Fla. 553, 33 South. Rep. 530. Moreover, the exception must not be too broad, nor should it be sus-

tained if the answer would thereby be mutilated or falsified, and it must clearly appear that the matter is wholly impertinent or irrelevant. Bush v. Adams, *supra*.

It would further seem that the question of pertinency must depend in some degree upon the frame of the bill, and if the bill alleges unnecessary facts by way of inducement or otherwise, especially if it tends to cast reflections upon the integrity of the defendant, an answer responsive thereto would not be impertinent. To render the answer impertinent, the complainant should first clean his own house. See Constock v. Herron, 45 Fed. Rep. 660.

Tested by these rules the exceptions to the answer should have been overruled. The first exception was to a portion of a paragraph in the answer wherein it is averred among other matters that the complainant joined with her then husband in an effort to persuade the defendant to make the trade. Sustaining the second exception emasculated the paragraph, leaving the remainder wholly unintelligible, an incomplete phrase.

The third exception was to the portion of the answer setting up that after a break in the negotiations, overtures looking to its revival was made by the complainant herself and by the defendant as alleged in the bill, and should have been overruled. The next exception is subject to the same objection.

The next portion excepted to was largely suppletory to the finding of the officer taking the acknowlegment to show the free act and deed of the married woman, with full knowledge of the facts and without the restraining influence of her husband. The materiality of the answer may not be glaring, but we cannot say it clearly appears to be wholly irrelevant.

The next portion of the answer excepted to sets up in

short that being induced by the complainant to make the exchange of lands which had fallen through because of her refusal to join in the deed but had been revived and put through at her insistance and upon her promise to join and subsequent joinder in the deed, the conveyance by the defendant to the complainant and the payment of the further sum of three hundred dollars which complainant converted to her own use; that thereafter the complainant became a widow and subsequently sold the town lots to third parties, investing the proceeds thereof in the home which she now occupies with her present husband, and that defendant could not be placed in *statu quo*. It may be that had the bill been planted squarely upon the alleged insufficiency of the acknowledgment to her dower, the answer might not be responsive, but the bill is framed further upon the theory that the acknowledgment is impeached for fraud or duress—see Sheer v. Robinson, 18 Fla. 379, text 444—and upon this theory of the bill at least part of this answer was relevant. The same observations apply to the last exception.

This disposes of the case without an expression of opinion as to the sufficiency of the bill, or the acknowledgment, or as to the question of estoppel.

It follows that the court erred in sustaining the exceptions to the answer and the order is, therefore, reversed; the costs of this appeal to be taxed against the appellee.

SHACKLEFORD, C. J., and WHITFIELD, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.