ROBERT F. BETTIS, *et al.*, *Appellants*, v. TAMPA REAL ESTATE EXCHANGE & LOAN ASSOCIATION, A CORPORATION, *Appellee.*

1. Where usury is relied upon as a defense, a general charge of usury is insufficient; such defense should be specific, and the facts and circustances constituting the same should be stated.

2. The defense of usury has no especial claims upon the indulgence and favor of the court, but should be disposed of upon the same principles and in the same manner as other defenses.

3. In a suit in chancery for the foreclosure of a mortgage, where the defense of usury is set up in the answer and the facts and circumstances constituting the same are stated, it is error to sustain exceptions for impertinance to the answer, whereby such defense is eliminated.

4 Section 2739 of the General Statutes of 1906 does not have the effect of doing away with competitive bidding for the premium to be paid to a building and loan association for the preference of priority of loans, but simply provides that applications for loans "may be considered upon securities severally offered."

This case was decided by Division A.

Appealed from the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*William Hunter*, for Appellant;

*M. G. Gibbons*, for Appellee.

SHACKLEFORD, J.—The appellee filed its bill in chancery against Robert F. Bettis and his wife for the foreclosure of a mortgage executed by them to the appellee, as stated in their brief, "to secure the payment of a bond for twelve hundred dollars, conditioned, upon the payment of three dollars per week on the principal sum of twelve hundred dollars borrowed, together with one and 80/100 dollars per week as interest, and one and 80/100 dollars per week as premium on said loan." The appellants filed their answer to the bill in which they sought to avail themselves of usury as a defense, averring, that the loan in question was usurious by reason of the fact that the premium charged was not regulated by competitive bidding, but was a sum arbitrarily fixed for all borrowers, and this premium together with the interest exceeded ten per cent. per annum. To this answer the appellee filed certain exceptions for impertinence, by which it sought to have such defense particularly eliminated, all of which exceptions were sustained by the court. A general replication was filed to the answer as it stood, after the exceptions had been sustained thereto, and the cause referred to a special master to take the testimony of the respective parties. On final hearing, a decree was rendered in favor of the appellee, from which decree the appellants have entered their appeal to this court. Several errors are assigned, but the only question presented and insisted upon is as to whether or not the court erred in sustaining the exceptions to the answer. In other words, was the defense of usury well pleaded in the answer? No question is presented as to whether or not the exceptions were properly framed, therefore we shall not consider that point. See Holzendorf v. Terrell, 52 Fla. 525, 42 South. Rep. 584. The appellants contend that, in order to avail themselves of usury as a defense, it was incumbent upon

them to set forth the facts, showing wherein the usury consists, and that a general charge of usury in their answer would not have been sufficient. In behalf of this proposition, they cite Puterbaugh's Chancery Pl. & Pr. (5th ed.) 121, which is based upon certain Illinois cases cited in the note. There is no doubt as to this being the proper practice. Judge Puterbaugh puts the pleading of fraud and usury upon an equal footing and says that in either case the facts and circumstances constituting the same should be fully and specifically stated. We ourselves have held that whenever fraud is relied upon in any pleading, either at law or in equity, the allegations or averments, as the case may be, should be specific and the facts constituting such fraud should be stated. Heathcote v. Fairbanks, Morse & Co., 60 Fla. 97, 53 South. Rep. 950. This applies with equal force to usury. Mr. Justice BREWER has well said that the defense of usury "has no especial claims upon the indulgence and favor of the court," and that "all applications concerning it should be disposed of upon the same principles and in the same manner as those concerning other defenses." Clark v. Spencer, 14 Kan. 398, 19 Amer. Rep. 96.

Conceding the correctness of the contention of the appellants thus far, that does not necessarily help in answering the question propounded to us. We assume that the appellants set up the facts and circumstances in their answer as fully and specifically as they well could. Even so, did they as pleaded constitute a good defense to the suit as made by the bill? The appellants contend that they did and say that the case of Shinner v. Southern Home Building & Loan Association, 46 Fla. 547, 35 South. Rep. 67, is decisive of the matter. This contention is met by the appellee with the argument that subsequent to the date of the decision of the Skinner case the law in force

at that time was materially changed by the enactment of Chapter 5168 of the Laws of Florida, found on page 103 of the Acts of 1903, Section 2207 being especially relied on. It is settled law that "provisions of law applicable to the subject-matter of contracts are parts of the contracts, whether so expressed or referred to in the contracts or not." State *ex rel.* Ellis v. Tampa Waterworks Co., 56 Fla. 858, 47 South. Rep. 358, 19 L. R. A. (N. S.) 183. Also see Hayward & Austin v. LeBarron, 4 Fla. 404, and County Commissioners of Columbia County v. King, 13 Fla. 451. As was held in Matthias v. Cook, 31 Ill. 83, which was a usury case, "The laws in operation at the time a contract is made, enter into, and form a part of the contract; and a subsequent repeal of such laws will not affect the rights and liabilities of the parties as thereby originally fixed and determined." Also see Pervis v. Frink, 61 Fla. 712, 54 South. Rep. 862. The contract in question was entered into on the 18th day of August, 1906, therefore we are not now concerned with Section 3105 of the General Statutes of 1906, as the same did not go into effect until the first day of December, 1906, or with Chapter 5960 of the laws of Florida, found on page 158 of the Acts of 1909.

Section 2207 of Chapter 5168 of the laws of Florida, which is relied upon by the appellee, was brought forward, without change, into the General Statutes of 1906, as Section 2739, and is as follows:

"2739. (2207) Methods of Loans.—Loans shall be made to members only. Applications therefor may be considered upon securities severally offered, or the officers may hold stated meetings, at which the money in the treasury, if over the amount fixed by charter as the full value of a share, shall be offered for loan in open meeting, and the stockholder who shall bid the highest premium

for the preference or priority of loan shall be entitled to receive a loan. Not more than the amount fixed by charter or constitution as the full value of a share shall be loaned for each share of stock held by such stockholder, but a stockholder may borrow such fractional part of the amount fixed by charter as the full value of a share, as the constitution and by-laws may provide. Good and ample security, as provided by the by-laws, shall be given by the borrower to secure the repayment of the loan. In case the borrower shall neglect to offer security, or shall offer security that is not approved by the board of directors by such time as the by-laws may prescribe, he shall be charged with legal interest, together with any expenses incurred and the loss of premium, if any, on a sale, and the money may be resold at the next stated meeting. In case of non-payment of installment or interest by borrowing stockholder for the space of three months, payment of principal and interest and all fines prescribed by the constitution and by-laws, without deducting the premiums paid and interest thereon, may be enforced by proceeding on their securities according to law."

We find ourselves unable to agree with the appellee in the construction of this section. It does not have the effect of doing away with competitive bidding for the premium to be paid for the preference of priority of loans, but simply provides that applications for loans "may be considered upon securities severally offered," therefore the reasoning in the Skinner case applies with full force. This being true, it necessarily follows that the court erred in sustaining the exceptions to the answer. The final decree must be reversed and the case remanded for such further proceedings as may be in accordance with this opinion.

WHITFIELD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER AND PARKHILL, J. J., concur  in  the opinion.