R. J. OWENS, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Where it clearly appears expressly or by necessary implication from the information filed and the evidence, that a person whether for himself or as agent of a corporation lending money in this State, did by contract, directly or indirectly, by way of fees or otherwise, wilfully and knowingly charge the borrower of money a sum of money greater than the sum loaned and twenty-five per centum per annum thereon, a conviction may be had under Section 5 of Chapter 5960. of the Laws of Florida, (1909).

Writ of error to the Court of Record for Escambia County.

The facts in the case are stated in the opinion of the court.

*E. C. Maxwell* and *Halcott Anderson,* for Plaintiff in Error;

*Park Trammell,* Attorney General, and *C. O. Andrews,* for the State.

SHACKLEFORD, J.—The following information was filed against the defendant:

"BE IT REMEMBERED, That Scott M. Loftin, County Solicitor for the county of Escambia, prosecuting for the State of Florida, under oath information makes that, R. J. Owens, late of the county of Escambia, in the State aforesaid, on the 6th day of February, in the year of Our Lord, One Thousand, Nine Hundred and Eleven, at and in the county of Escambia aforesaid, the said R. J. Owens, being the agent of the J. B. Gray Investment Company, a corporation engaged in lending money in the State of Florida, did wilfully and knowingly charge one James R. Boyett, the sum of Two Dollars for a loan of Ten Dollars for the period of thirty days, by a contract, contrivance and device, by way of commissions, discount, interest, inspection fees and other fees, against the form of the statute in such case made and provided and against the peace and dignity of the State of Florida:

SECOND COUNT: And your informant aforesaid, prosecuting as aforesaid, upon his oath aforesaid, further information makes, that R. J. Owens, of the county aforesaid, on the 14th day of February, A. D. 1911, at and in the county of Escambia aforesaid, the said R. J. Owens, being the agent of the J. B. Gray Investment Company, a corporation, engaged in lending money in the State of Florida, did wilfully and knowingly charge one Jesse Bell the sum of Two Dollars for a loan of ten dollars for the period of thirty days by a contract, contrivance and device, by way of commisions, discount, interest, inspection fees and other fees, against the form of the statute in such case made and provided, and against the peace and dignity of the State of Florida:

THIRD COUNT: And your informant aforesaid, prosecuting as aforesaid, upon his oath aforesaid, further

information makes that R. J. Owens, of the county aforesaid, on the 14th day of February,. A. D. 1911, at and in the county of Escambia aforesaid, the said R. J. Owens, being the agent of the J. B. Gray Investment Company, a corporation, engaged in lending money in the State of Florida, did wilfully and knowingly charge one Nelson Mimms the sum of Two Dollars for a loan of ten dollars for the period of thirty days by a contract, contrivance, and device, by way of commissions, discounts, interest, inspection fees and other fees, against the form of the statutes in such case made and provided, and against the peace and dignity of the State of Florida, Scott M. ·Loftin, County Solicitor Escambia County, Florida.".

The defendant filed a. motion to quash the information on the grounds that it charged no offense against the laws of the State of Florida, and that the statute under which the information is based is unconstitutional and void, which motion was denied. The· defendant then filed a plea of not guilty, whereupon "it was. agreed between the parties that a jury should be waived and that the case should be submitted to and decided by the court upon the following agreed statement of facts:"

"It is agreed that the above case be submitted to the court without a jury on the following agreed statement of facts: The J. B. Gray Investment Company is a corporation, organized under the laws of the State of Florida, engaged in lending money in the State of Florida, the defendant R. J. Owens, has an office on East Romanna Street in the City of Pensacola, Escambia County, State of Florida, over the door of which office is the sign 'Office of the J. B. Gray Investment Company;' the office rent, salaries of collectors and other office expenses are paid by ·R. J. Owens, who is engaged

in business as a loan broker, procuring loans from different parties among whom is the J. B. Gray Investment Company.

On February 14th, 1911, Jesse Bell applied to R. J. Owens, for a loan of ten dollars, copy of which application is attached hereto and marked exhibit 'A,' the money was secured and paid over to Jesse Bell by said R. J. Owens, and said Jesse Bell executed a note therefor, copy of which is hereto attached and marked 'exhibit B,' and mortgage to secure said note copy of which is hereto attached and marked exhibit 'C;' Jesse Bell received ten dollars, but did not at that time pay said R. J. Owens, the commission of two dollars as agreed, but it was agreed that he should pay said commission when he paid the note, the note not having been paid at maturity, the said J. B. Gray Investment Company brought suit in the Justice of the Peace Court of Escambia County, to foreclose the mortgage, and the said R. J. Owens, executed the bond and made the affidavit hereto attached and marked exhibit 'D.' The two transactions covered by the first and third counts of the information are exactly similiar to the transaction above set forth.

The defendant, through his employees, collects money due the J. B. Gray Investment Company on the loans made in the manner above stated, and makes settlements with said J. B. Gray Investment Company, weekly or monthly; if said Owens has money on hand belonging to said J. B. Gray Investment Company, said money is used in making new loans, but if he has no money of said company on hand, money is secured from said company or other lender to make the loan; the commission charged by said Owens goes to him exclusively, and is used by him to pay his office expenses and com-

pensate himself for his services, and is not divided with said J. B. Gray Investment Company, or other party making the loans; the application for loans, notes and mortgages are drawn by said R. J. Owens, and are a part of the services for which commission is charged; it is left to the honesty of the borrower, whether he will pay the commission charged by said R. J. Owens as it is not included in the note and mortgage, but said commission is charged by said R. J. Owens, and the borrower agrees in his application to pay the commission."

We do not copy the attached exhibits referred to in the agreed statement of facts, as there seems to be no occasion for so doing. The defendant requested the court to give five separate instructions, all of which were refused, and the defendant duly excepted to the several rulings. The court found the defendant guilty and denied his motion for a new trial. The following judgment was rendered and entered:  ·

"This cause coming on to be heard upon the issues therein joined, the defendant being persent in court, and having pleaded not guilty to the charge contained in the information, both parties waived trial by jury, the trial coming on for trial by the court without a jury; and after hearing all the evidence and argument of counsel and the court being of the opinion and finding that all of the commissions and fees charged by the defendant in effecting each of the loans mentioned in the information, entered into and were part of the charges to be included by the court in determining whether or not the amount charged by the defendant in each of said loans exceeded the amount of the said loans and an additional sum of 25% per annum of such loans and the court finding that the amount charged by the defen-

dant in each loan including such commissions and fees exceeded the amount of such loans and the additional sum of 25% per annum of such loan, and that under the evidence the defendant is guilty: NOW THEREFORE, It is considered by the court that the said defendant do forfeit and pay to the State of Florida the sum of Fifty Dollars, ($50.00) and the cost of this prosecution now taxed at $15.36, and in default of such payments do be confined by imprisonment in the county jail at hard labor for the period of three months.

The defendant is granted 30 days from date to prepare and file his Bill of Exceptions and his Supersedeas Bond is fixed at ($100.00) One hundred dollars."

This judgment the defendant has brought here for review. Eight errors are assigned, but we are somewhat at a loss to determine the points upon which the defendant relies for reversal of the judgment. No assignment is separately argued, nor can it well be said that they are all presented and argued together. In fact, no one assignment is specifically insisted upon. See Hoodless v. Jernigan, 46 Fla. 213, 35 South. Rep. 656, wherein prior decisions of this court will be found cited; Tillman v. State, 58 Fla. 113, 50 South. Rep. 675, 138 Amer. State Rep. 100, 19 Ann. Cas. 91; Pheonix Insurance Co. v. Bryan, 58 Fla. 341, 50 South. Rep. 576. The defendant would seem to have "aimed generally." The opening paragraph in his brief is as follows:

"This case while nominally one to determine the defendant's guilt or innocence of the particular acts charged in the information against him, is really one to determine the proper construction to be placed upon Chapter 5960 of the Acts of 1909, popularly known as the Loan Shark Law, and we respectfully ask the consideration

of the court to the case, with that in view, as it is important both to the borrower and the lender of small amounts to know what their rights are in the matter, and what business may lawfully be conducted."

We shall discuss such points as we think call for treatment in making a 'proper disposition of the case which has been brought here by writ of error for review.

The information is based on Section 5 of Chapter 5960 Laws of 1909, which is as follows:

"Any person, association of persons, firm or corporation, or the agent, officer or other representative of any person, association of persons, firm or corporation lending money in this State who shall wilfully and knowingly charge or accept any sum of money greater than the sum of money loaned, and an additional sum of money equal to twenty-five per centum per annum upon the principal sum loaned, by any contract, contrivance, or device whatever, directly or indirectly, by way of commissions, discount, exchange, interest, pretended sale of any article, assignment of salary or wages, inspection fees or other fees, or otherwise, or for forbearing to enforce the collection of such moneys or otherwise, shall forfeit the entire sum, both the principal and interest, to the party charged such usurious interest, and shall be deemed guilty of a misdemeanor, and on conviction, be fined not more than one hundred dollars, or be imprisoned in the county jail not more than ninety days, or both, in the discretion of the court."

In Edwards v. State, 62 Fla. 40, 56 South. Rep. 401, we were called upon to pass upon the constitutionality of such Chapter 5960 as also upon the sufficiency of the information, which in that case as in this was based upon section 5 of such Chapter, which we have copied

above.   In the cited case we held that the Chapter in question was constitutional and the information sufficient.   It is unnecessary for us to repeat what we said there.

We shall next consider tne sufficiency of the evidence to support the finding of the court and the judgment based thereon.   Before doing so, however, we wish to call attention to the fact that the bill of exceptions contains no certificate to the effect that such bill of exceptions contains all the evidence introduced at such trial, as is required by special rule 3 of Supreme Court rules.   See Albritton v. State, 54 Fla. 6, 44 South. Rep. 745, and Webb v. Brown, decided here at the present term.   This being true, it may be that the assignments which question the sufficiency of the evidence are not properly before us for consideration, but, in view of the fact that the bill of exceptions recites that the case was submitted to the court for decision upon an agreed statement of facts, which is set out, and the point is not insisted upon by the State, we pass it without further comment.

The question of usury generally has given the courts much trouble.   Especially is this true when they have been called upon to determine whether or not the commissions charged the borrower by the lender's agent may constitute usury.   See France v. Munro, 138 Iowa 1, 115 N. W. Rep. 577, 19 L. R. A. (N. S.) 391, especially the note thereto, wherein will be found collected a number of authorities on either side of the question. The Legislature of this State has evidenced its intention of remedying the evils which it conceived to exist in the way of usurious charges by enacting from time to time different laws upon the subject.   The policy of this court has been to uphold such legislation.   See Edwards v.

State *supra*; Purvis v. Frink, 57 Fla. 519, 49 South. Rep. 1023; Bettis v. Tampa Real Estate Exchange & Loan Association, 62 Fla. 435, 56 South. Rep. 499; Cooper v. Rothman, decided at the present term. Reading the agreed statement of facts in the light of these cited authorities, we are of the opinion that the trial court was warranted in finding the defendant guilty of the crime charged in the information. This being true, it follows that the judgment must be affirmed.

WHITFIELD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.