A. S. DELEGAL, et al., Appellants, v. E. T. DELEGAL, Appellee.

Opinion Filed Feb. 25, 1913.

1. When an answer in equity does not fully answer explicit allegations of the bill, or is an insufficient denial of the material allegations of the bill of complaint, it may be reached by appropriate exceptions; but exceptions for insufficiency are not applicable to new matter set up in an answer as an affirmative defense.

2. Where the allegations of a bill of complaint have been substantially answered, exceptions to the answer should be overruled.

3. An exception for insufficiency to an entire answer in equity should not be sustained when the answer denies a material allegation of the bill of complaint.

Appealed from the Circuit Court for Suwannee County.

Decree reversed.

*Gillen & Hodges,* for Appellants;

*J. L. Lee,* for Appellee.

WHITFIELD, J.—The appellee instituted proceedings against the appellants for the foreclosure of a mortgage on real estate executed by A. S. Delegal as a single man to secure the payment of his note. Answer under oath was not waived. A. S. Delegal answered under oath admitting the execution of the note and mortgage. The answer also contained the following:

"And defendant further says that he has long since paid said mortgage and pleads payment of the same. That while said note and mortgage bears no credits paid by the defendant, yet defendant avers that he has paid every dollar on said note and mortgage, and that he is not due the complainant anything thereon.

Defendant says that on Jan. 14th, 1904, he paid complainant $17.24, that on Mar. 6th, 1905, he paid the complainant $100.00, that on April 12, 1905, he paid complainant $70.00, that on Mar. 1st, 1906, he paid the complainant $22.00, that on May 1st, 1908, he paid the complainant $15.00; that on Dec. 16th, 1905, he paid the complainant $120.00."

Exceptions to the answer for insufficiency were on March 15th, 1912, sustained on grounds that "said pretended answer alleges that the defendant paid every

dollar on said note and mortgage sued on and does not state to whom he paid the same or when he paid the same; and because the amounts set out and named in said answer of which defendant claims to have paid does not allege or state that the same was paid on the note and mortgage sued on, or to whom these different amounts were paid to."

The defendant was "allowed until and including April 15th,, 1912, in which to put in further answer to the bill." On April 15th,, an amended answer signed by counsel, but not under oath, was filed. On May 6th, 1912, the court ordered that "for failure to file answer on April 15th, 1912, in accordance with the order of the court dated March 15th, 1912, the Clerk of the Court enter decree pro-confesso as prayed for in the above motion."

A decree pro-confesso "for want of answer" was entered by the Clerk May 6th, 1912, and on May 9th, 1912, a special master was appointed to state an account of the amount due on the mortgage, upon which a final decree was rendered May 11th, 1912. On May 13th, 1912, the defendants moved to open up the decree pro-confesso, to vacate the order appointing a master and to set aside the final decree and allow the defendant to swear to his amended answer filed April 15th, 1912. With this motion the following affidavits were filed:

"State of Florida,

Suwanne County.

Personally came before me A. S. Delegal, who first being sworn, says that he is the defendant in the foreclosure suit by E. F. Delegal against him; that he has a good defense against said suit as appears from the answer filed and amended answer sought to be filed; that he did not know that a Decree Pro Confesso had been entered

against him; that he lives 8 miles from Live Oak, and that he did not receive instructions from his attorney to come to Live Oak on Rule Day in May to swear to his amended answer, and that he desires to do so now as he has a good defense set up therein and will be able, as he believes, to prove same.

Sworn to and subscribed this
    the 13th day of May, 1912.        A. S. Delegal.
J. W. Bryson, Clerk Circuit Court."

"State of Florida,
    Suwannee County.

Personally came before me B. H. Palmer, one of the attorneys of Palmer & Palmer, who first being duly sworn, says that he lives in Lake City, Florida; that he prepared and sent to the Clerk of Suwannee County the amended answer of A. S. Delegal, defendant in suit of. E. F. Delegal in foreclosure suit; that he wrote the defendant, A. S. Delegal, to come to Live Oak, Fla., on Rule Day in May, 1912, to swear to said answer and affiants thought he had done so.

Sworn to and subscribed before
    me this 13th day of May, 1912.        B. H. Palmer.
J. W. Bryson, Clerk Circuit Court."

The motion was denied June 5th, 1912, and on September 17th, 1912, the defendants entered an appeal from the final decree of May 11th, 1912, and assigns as errors the several orders and decrees, including the order of June 5th, 1912, denying the motion to open the decree pro-confesso and to set aside the final decree.

When an answer in equity does not fully answer explicit allegations of the bill, or is an insufficient denial

13—Vol. 65

of the material allegations of the bill of complaint, it may be reached by appropriate exceptions; but exceptions for insufficiency are not applicable to new matter set up in an answer as an affirmative defense. Where the allegations of a bill of complaint have been substantially answered, exceptions to the answer should be overruled. An exception for insufficiency to an entire answer in equity should not be sustained when the answer denies a material allegation of the bill of complaint. See Moore v. Clem, 45 Fla. 476, 34 South. Rep. 305; Hunt v. Turner, 54 Fla. 654, 45 South. Rep. 509; Bosworth v. Sandlin, 46 Fla. 532, 35 South. Rep. 66; 3 Am. & Eng. Ency. Law & Prac. 1382 *et seq.;* 1 Ency. Pl & Pr. 898; Dewhurst's Rule of Practice in U. S. Courts p. 425; Pennsylvania Co. v. Bay, 138 Fed. Rep. 203, text 206.

The answer originally filed contains averments of payment which is new affirmative matter and also contains a denial of the indebtedness alleged, and consequently the exceptions thereto were erroneously sustained. This being so, the decree *pro confesso* was improperly entered, for which errors the decree is reversed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.