THE BOCA GRANDE INVESTMENT COMPANY, A CORPORATION,

*Appellant, v.* A. H· BLANDING, *Appellee.*

Opinion filed May 5, 1919.

1. An exception to an answer in an equity cause for imperti-
   nence must be supported *in toto*, and such exception will fail
   if it covers any part of the answer that is relevant and
   material.

2. Exceptions for insufficiency do not lie to an answer setting
   up a defense in bar of the suit, but only when the answer
   does not sufficiently respond to the allegations, charges and
   interrogatories of the bill.

3. If matter contained in an answer is relevant or can have
   any influence in the decision of the subject matter in con-
   troversy it is not impertinent.

An Appeal from the Cirucit Court for DeSoto County;
John S. Edwards, Judge.

Order reversed.

*Treadwell & Treadwell,* for Appellant.

*H. S. Hampton* and *Brown & Jones,* for Appellee.

WEST, J.—Suit was brought by appellee, who was the
complainant below, against appellant and two other par-
ties who were defendants below, the object of the suit
being to enjoin the defendants from going upon certain
lands described in the bill of complaint and cutting, box-
ing and using the pine timber on said lands for the pur-

poses of extracting the crude gum therefrom to be used in the manufacture of naval stores.

The bill alleges the ownership and actual possession of the lands described in complainant; that the defendant, who posecutes this appeal, has unlawfully and without warrant or authority entered upon said lands with its employees and is engaged in boxing the said timber for turpentine purposes; that this boxing of the timber exposes it to the dangers of forest fires and to storms, greatly impairs its value and amounts to a destruction and waste of the property·

With respect to the other defendants it is alleged that they claim some interest in said lands the nature of which claim is unknown to the complainant, but that such interest if there is any, is subordinate to the claims of complainant.

The prayer is for an injunction, an accounting, and for general relief.

,The answer of the appellant denies the ownership of said. lands by complainant, denies his possession except in the character of a trespasser, and avers that it, the appellant, is the owner of said lands in fee simple.   The answer also contains the following:

"Further answering, said defendant says:

"That the complainant has no right, title or interest in said premises, either legal or equitable, that can be maintained, either in a Court of Equity or a Court of Law, and respectfully shows to the court that the paper writing which the complainant has and holds to said described land, is void, and of no effect, and tends merely to cast a cloud upon the title of this defendant to said premises in the manner folowing:

"That is to say, on the 8th day of May, 1913, one James F. Taylor, joined by his wife and Susanne Hampton and her husband Hilton S. Hampton, conveyed the said premises to Charles D. Dennis, for the alleged consideration of $500.00; but this defendant is advised that the said Taylor did not, on said date or at any other time, have any right, title or interest, either legal or equitable to said premises, and that the records of said County of DeSoto do not disclose that the said Taylor had any record title thereto; that on the 4th of November, 1915, one Charles Dennis, joined by his wife, executed a deed to said property to the complainant, for the alleged consideration of $1.00 and other valuable considerations, and that it does not appear by the records of said county that the said Charles Dennis ever had any title to or interest in said premises, other than that acquired under the void conveyance last above mentioned. And this defendant charges that the said Dennis had no interest of any character in said premises, as disclosed by the records of said county, or otherwise, and that the deeds above mentioned effecting the title to said land tends to hinder and delay defendant in the sale of said premises, and to cast a cloud upon the title thereto, and to depreciate the value thereof; that this defendant acquired a fee-simple title to said property, long prior to the 8th day of May, 1913, all of which appears by the public records of said county."

There was a prayer in the answer for affirmative relief.

There was a motion to strike the quoted portion of this answer upon the grounds that it states merely a conclusion of the pleader; that it does not set out defendant's chain of title so that the court may determine if there is any foundation for its averments of ownership of said

land, and that the averments of the answer of ownership by defendant is so vague, indefinite and uncertain that complainant can not plead to it.

This motion was granted, and this appeal is from the order on the motion.

It is well settled that an exception to an answer in an equity cause for impertinence must be supported in toto, and such exception will fail if it covers any part of the answer that is relevant and material.   Law v. Taylor, 63 Fla. 487, 58 South. Rep. 844; Holzendorf v. Terrell, 52 Fla. 525, 42 South. Rep. 584.

Exceptions for insufficiency do not lie to an answer setting up a defense in bar of the suit, but only when the answer does not sufficiently respond to the allegations, charges and interrogatories of the bill.   Moore v. Clem, 45 Fla. 476, 34 South. Rep. 305; Hunt v. Turner, 54 Fla. 654, 45 South. Rep. 509; Delegal v. Delegal, 65 Fla. 190, 61 South. Rep. 444.   And if matter contained in an answer is relevant or can have any influence in the decision of the subject-matter in controversy it is not impertinent.   Trustees Internal Improvement Fund v. Root, 63 Fla. 666, 58 South. Rep. 371; Holzendorf v. Terrell, *supra;* Bush v. Adams, 22 Fla. 177.   The portion of the answer which was stricken can not be regarded as wholly bad because it contains a denial of a material allegation of the bill, namely, a denial of the title of the complainant to the lands described in the bill.   For the same reason the exceptions can not be sustained on the ground of insufficiency.   It may be said that the order striking a portion of the answer containg this averment was nevertheless not harmful to appellant because the answer in another paragraph contained a similar averment, but if

this were true irrespective of any question of the sufficiency of the remaining portion which was stricken as a basis for affirmative relief, it should not have been stricken as impertient.  As defensive matter in denial of complainant's allegations of ownership by pointing out the defects in his title, it cannot be said that it could have no influence upon the decision of the subject-matter in controversy, and therefore there was error in striking it.

The order appealed from is reversed.

All concur.