G. S. HOLLINGSWORTH AND MAGGIE B. HOLLINGSWORTH, *Appellants*, v. W. C. BLACK, *Appellee.*

Opinion Filed July 14, 1919.

1. The appellate court may consider errors assigned if contained in the assignment of errors and sufficiently pointed out and designated in the brief.

2. An assignment that the court erred in sustaining the first, second, third, etc., exceptions and each of them is not an assignment *en masse.*

3. That portion of an answer which replies to and is responsive to a material allegation of the bill should not be stricken.

An Appeal from the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Decree reversed.

*Leitner & Leitner*, for Appellants;

*McKay & Withers*, for Appellee.

DONNELL, Circuit Judge.—On the 30th day of June, 1917, the appellee, complainant below, W. C. Black, who

will be designated in the opinion as complainant, filed his bill of complaint against G. S. Hollingsworth and Maggie B. Hollingsworth, his wife, and First National Bank of Tampa, who will in this opinion be designated defendants.

The bill alleges that the complainant and his wife, Alice K. Black, and the defendants, H. S. Hollingsworth and Maggie B. Hollingsworth, his wife, entered into a contract for the exchange of certain properties; that the property of the complainant was located in Hillsborough county, and the property of the defendants, Hollingsworth, in DeSoto county; that the contract contained a provision that any defects in the title to any of the property described in the contract, which may be found to exist by the attorneys of the parties shall be corrected and the title cleared within a period of nine months from the date of the contract; that various substantial defects were discovered to exist in the title to the property of the defendants, Hollingsworth; that said defendants, Hollingsworth, did not clear the titles in nine months as agreed; that complainant had by this failure of the defendants, Hollingsworth, to correct said title as agreed and by the failure of said defendants to pay certain incumbrances and obligations, the said defendants, Hollingsworth, had breached the said contract and agreement and relieved the complainant from the obligations thereof; that the contract and deeds were placed in escrow with the said First National Bank of Tampa to be held until such time as the title to the property to be conveyed by the said parties should be approved by their respective attorneys; that the complainant has always been ready, able and willing to comply with said contract; that complainant has expended large sums of money improving the property of which he was let into possession by the defendants,

Hollingsworth, and has received therefrom revenues; that the defendants, Hollingsworth, have collected certain rents, etc., from the property they were let into possession of by complainant, and has expended certain moneys thereon. The bill prays for an accounting, for the rescinding and cancellation of the said contract and that the possession of the complainant's property be restored to him. The bill further alleges that it is necessary that a receiver be appointed to take charge of the complainant's property now in possession of the defendants, Hollingsworth, and prays for the appointment of such receiver.

On the 6th day of August, 1917, the defendants, Hollingsworth, filed their answer. They admit the contract and the exchange of possession of the properties. The answer denies that the contract was to be void if the title were not corrected and cleared within nine months, and alleges that if the title were not cleared within nine months, the other party should perfect the title in nine months the other party should perfect the title and charge all expenses to the delinquent person; that the defendants, Hollingsworth, have always been ready, willing and anxious to carry out the terms of the said contract; that the title to defendants' property has been cleared, if any defects existed, by a final decree of the Circuit Court in DeSoto county, a copy of which is filed with the answer; that complainant has not cleared the title to his property as agreed; that complainant has greatly damaged defendants' property and caused great waste thereon; that the defendants, Hollingsworth, are willing that complainant repudiate said contract, if said defendants, Hollingsworth, be placed in same condition as before the contract.

On the 3rd day of September, 1917, complainant filed fourteen exceptions to defendants' answer. All these exceptions save the eleventh were sustained. The eleventh goes to that portion of the answer which alleges that the complainant did nothing towards perfecting the title to his property and had allowed liens to be created and foreclosed against said property.

An amended answer was filed very much the same as the original except it elaborated more fully the defendants' contention. Exceptions were filed to this answer and all were sustained.

A receiver was appointed, and later a supplemental bill was filed by leave of court asking for his discharge. A demurrer and answer were filed to the supplemental bill. The demurrer was overruled and the exceptions were sustained. The receiver was discharged and complainant placed in possession of his property.

The defendants, Hollingsworth, assign eight errors upon which they rely for a reversal of the several interlocutory orders entered in the said cause by the judge of the lower court. But inasmuch as I am of the opinion that the court erred in sustaining at least some of the exceptions to the original answer, I shall discuss only so much of the case as is necessary to point out the error.

The assignment is as follows: "The court erred in sustaining the 1st, 2nd, 3rd, 4th, 5th, 6th, 7th, 8th, 9th, 10th, 12th, 13th, and 14th exceptions and each of them as taken by the complainant to the joint and several answers of G. S. Hollingsworth and Maggie B. Hollingsworth, his wife, to the bill of complaint."

The appellee, complainant below, in his brief contends that since the numbering of the pages in the original answer, to which exceptions were taken, and the pages in

the record where the answer is copied are different and no note is made of this change and difference in the numbering in the assignment of errors, this court cannot consider the error assigned. I cannot agree with this contention. The pages are copied consecutively in the record and the appellants, defendants below, point out in their brief the exact pages, lines and words to which each exception refers as they appear in the record. This, I take it, is sufficient to inform this court of the matter to be passed upon. We have no court rule nor decision which indicates that the rule is otherwise. In Jacksonville, T. & K. W. Ry. Co. v. Griffin, 33 Fla. 602, 15 South. Rep. 336, this court indicated that if either the assignments of error or the brief point out where in the record the errors may be found, this court may consider them.

The complainant also raises the point that the assignment above quoted is an assignment *en masse* and that therefore if the court were correct in sustaining one of the exceptions, this assignment must fail. This is undoubtedly true if the assignment were *en masse*. But I take it that the assignment as it stands can reach each ruling on the exceptions to the answer.

That portion of the answer excepted to by the first exception is as follows: "These defendants most emphatically deny that the contract or any part of it should be void if defects in the title were discovered and not perfected within nine months, and these defendants state that it was especially understood that the respective parties had nine months in which to perfect their own titles, and that in default of that, then the other party should perfect the title and charge all expenses to the delinquent person." There is no provision in the contract

saying that it should be avoided if the title were not cleared within nine months. The contract is silent as to what condition would arise if the title were not perfected as agreed. This portion of the answer gives the defendants' understanding of the agreement, an explanation of the contract, the intention of the parties. The complainant evidently understood that the contract could be avoided; and this portion of the answer is a reply to that portion of the bill alleging that it could be avoided. This should not have been stricken. Mizell Live Stock Co. v. J. J. McCaskill Co., 59 Fla. 322, 51 South. Rep. 547.

That portion of the answer excepted to by the second exception states that the defendants were ready, willing and anxious to carry out the contract and states to what extent the contract had been carried out. This is responsive to the bill and should not have been stricken. 2 Black on Recission and Cancellation, Art. 608.

That portion of the answer excepted to by exception three alleges that any defect to the title which might have existed had been cured by a decree of court. It alleges facts to show that the laws of the State had been followed in removing such defects as might have existed. This is responsive to that portion of the bill which alleges that the attempted correction of the title was not in compliance with the State laws. This should not have been stricken. Delegal v. Delegal, 65 Fla. 190, 61 South. Rep. 444.

This is sufficient to show that the lower court must be reversed. All the exceptions to the answer should have been denied.

The answer of the defendants to the bill of complaint should be allowed to stand and the receiver should be reinstated.

PER CURIAM.—The record in this cause having been considered by this court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the court as its opinion, it is considered, ordered and adjudged by the court that the decree herein be and the same is hereby reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.