HERNANDO HARD ROCK COMPANY, a Corporation, and BROOKSVILLE PREPARED STONE COMPANY, a Corporation, *Appellants,* v. AMERICAN STATE BANK, a Corporation, *Appellee.*

En Banc.

Opinion filed July 26, 1930.

*F. B. Coogler,* for Appellants;

*R. B. Sturkie,* for Appellee.

DAVIS, Commissioner:

The complainant filed a bill for the foreclosure of a mortgage upon real estate and also upon "any and all machinery, tools and appurtenances comprising the plant of the Hernando Hard Rock Co. (the mortgagor) and any equipment that might be placed on said property during the life of this mortgage." About a year after the execu-

tion and delivery of the mortgage, the mortgagor and one I. Berner, leased the property to D. B. Gore, agreeing therein to give him the right to construct a plant or plants, together with houses, stores, warehouses, and any other equipment necessary in mining lime, rock or like products. The lease provided for monthly payment of a minimum rent and royalties and also contained the following:

"At any time upon the payment of minimum royalty due under this contract up to date, by the party of the second part, to the party of the first part, the party of the second part has the right to discontinue operation under the following terms and conditions: Party of the first part has the right to purchase the plant, houses, equipment and appurtenances at a price to be arrived at by the appraisal of three disinterested parties. If party of the first part elects not to purchase the plant and equipment, then party of the second part may remove and sell same to whomsoever he may see fit, and at his discretion. It is understood that party of the first part has given a mortgage to the American State Bank of Zephyrhills, Florida, for the sum of Sixteen Thousand ($16,000) Dollars on above land, and he agrees that such rent and royalties as due, shall be paid to said bank until full payment of principal and interest thereon."

Following the certificate of the officer who took the acknowledgment of the lessors appears the following:

"We consent to the foregoing lease, this the 26th day of March, A. D. 1926.
"AMERICAN STATE BANK OF ZEPHYRHILLS,
"By: J. M. Harvey,
"President."

Subsequently the said lease was assigned to Brooksville Prepared Stone Company, a corporation.

The defendant Brooksville Prepared Stone Company, answered the bill of complaint and admitted that the complainant was the holder of the mortgage and notes "except as hereinafter set out, and admits the execution of the lease to D. B. Gore as in and by said bill of complaint set forth and admits the transfer of said lease to this defendant, copy of which lease is hereto attached and marked Exhibit 'A'; and this defendant says that it is the owner of all of the plant machinery and equipment on said premises, and alleges that it succeeded to all of the rights of the said D. B. Gore in said lease."

This defendant further said:

"That in and by said lease it is provided that any time upon the payment of the minimum royalty due under said lease hereto attached as Exhibit 'A' up to date it has the right to discontinue operations and if the lessor in said lease, its successors or assigns, shall not desire to purchase the plant, houses, equipment and appurtenances of this defendant as in and by said lease provided, that this defendant shall have the right to remove and sell said plant, houses. equipment and appurtenances thereunder; and this defendant denies that any of the plant, houses, equipment and appurtenances placed on said premises under and by virture of the terms of said lease are subject to the terms of said mortgage sought to be foreclosed and that any foreclosure thereof shall be subject to the rights of this defendant, as in and by said lease agreed to by complainant."

The answer of Hernando Hard Rock Company, embraced the following paragraphs:

"3. Further answering, this defendant denies that the complainant is entitled to foreclose said mortgage and alleges the truth to be that in and by said lease in said bill of complaint described as being recorded in Deed Book 252, page 527, of the Public Records of Hernando County, Florida, a copy of which is hereto attached and marked: Exhibit 'A', the complainant agreed to accept in settlement of said mortgage sought to be foreclosed in this cause the rent and royalties which should be paid under the terms of said lease hereto attached as Exhibit 'A', in which lease the complainant was duly joined and which was duly executed by it.

"4. This defendant alleges that the complainant has received all rent and royalties paid under said lease."

The complainant thereupon excepted to such parts of the answers as we have quoted above. The court sustained the exceptions and from such order the said defendants appealed to this Court. Appellants make the point here that the exceptions are not framed in accordance with the established rules of equity practice and because they do not conform to chancery usage they should have been over-ruled by the lower court and to sustain their contention they have cited to us the cases of Hunt v. Turner, 54 Fla. 654, 45 So. R. 509; and Moore v. Clem, 45 Fla. 476, 34 So. R. 305. The rule stated in these cases and the forms therein referred to were not followed by the appellee in the instant case, and but for Section 4499, Compiled General Laws of Florida, 1927, which was adopted as a part of our statutory law in the year 1911, we would feel constrained to hold under the authority of the cited cases that the lower court erred in making said order. As it is, we cannot say that the error, if committed, has resulted in a

miscarriage of justice. That portion of the answer of the Hernando Hard Rock Company which was accepted to, seems to us to be wholly immaterial and irrelevant. The complainant was not a party to the lease and therefore could not in and by its terms agree to accept in settlement of the mortgage the rent and royalties therein provided for. There is nothing in its "consent to" the lease that bound it to look to the said rent and royalties for payment or to in any way alter the terms of its contract with the mortagor as shown by the notes and mortgage. Furthermore it is is not made to appear that the complainant received any consideration for its "consent" to the making of the lease or that the giving or withholding of same could have affected in any way the rights of the lessor or the lessee.

It is also contended by appellants that the exceptions to the answer of Brooksville Prepared Stone Company were too broad and for that reason should have been overruled. The rule that exceptions to an answer must be good in their entirety is beyond question. Wofford v. Dykes, 67 Fla. 118, 64 So. R. 451; Law v. Taylor, 63 Fla. 477, 58 So. R. 844; Boca G. Inv. Co. v. Blandings, 77 Fla. 536, 81 So. R. 886.

It is rather unusual, to say the least of it, for a complainant to except to that portion of an answer which admits material allegations of the bill, as was done in this case, but we do not see how an order sustaining an exception to so much of an answer as embraces such admissions can be harmful to the answering defendant. The effect of such an order where there is a general denial in the answer, is to require the complainant to prove that the defendant is willing to admit.

In its answer, the defendant Brooksville Prepared Stone Company alleged that it

"denies that any of the plant, houses, equipment and appurtenances placed on said premises under and by virtue of the terms of said lease are subject to the terms of said mortgage sought to be foreclosed and that any foreclosure thereof shall be subject to the rights of this defendant, as in and by said lease agreed to by complainant."

The mortgage covers certain described real estate and machinery and appurtenances comprising the plant of the Hernando Rock Company and any equipment placed on the property during the life of the mortgage; and no where in the pleadings is it alleged that any equipment was placed on the property subsequent to the making of the lease by the Hernando Hard Rock Company. The denial of the Brooksville Prepared Stone Company set forth above is not responsive to the allegations of the bill. The order sustaining said exceptions allowed the defendants to file further answers.

It is our opinion that if any error was committed by the lower court, it was technical and that no miscarriage of justice resulted therefrom. Therefore, the order appealed from is affirmed and the cause is remanded for further proceedings.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that the order of the Court below should be, and the same is hereby, affirmed, and the cause remanded for further proceedings.

TERRELL, C. J. and WHITFIELD, ELLIS, STRUM and BUFORD, JJ., concur.

BROWN, J., not participating.